**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKA BAGHERI, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> v.<br><br>DERMTECH, INC.; JOHN DOBAK; and KEVIN SUN,<br><br>         Defendants. | Case No.: 23-cv-1885-DMS-JLB<br><br>**ORDER GRANTING MOVANT ROBERT WEINER'S MOTION TO APPOINT LEAD PLAINTIFF, APPROVE LEAD COUNSEL, AND CONSOLIDATE CASES; DENYING COMPETING MOTIONS; AND VACATING HEARING** |
| ELENA C. QUARFORD, individually and on behalf of all others similarly situated<br><br>         Plaintiff,<br><br> v.<br><br>DERMTECH, INC.; JOHN DOBAK; and KEVIN SUN,<br><br>         Defendants. | Case No.: 23-cv-2221-DMS-JLB |

   Pending before the Court is the matter of appointing lead plaintiff in this putative securities fraud class action brought on behalf of all purchasers of DermTech, Inc. ("DermTech" or the "Company") securities between March 8, 2021, and November 3,

2022, inclusive.  On December 15, 2023, movants Robert Weiner ("Weiner," ECF No. 10), Sameer and Sunaina Khanna ("the Khannas," ECF No. 11), the Ramras Accounts ("Ramras," ECF No. 12), and Sandra Nolan ("Nolan," ECF No. 13) filed motions to be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3).  Movant Weiner alleges the largest financial interest, measured by his "last-in-first-out" ("LIFO") loss, in connection with his purchases of Dermtech securities during the class period: $95,118.67.  The Khannas and Nolan have since filed notices of non-opposition to competing motions, (ECF Nos. 15, 17), and Ramras has filed a notice of withdrawal.  (ECF No. 19).  Defendants also filed a notice of non-opposition.  (ECF No. 16.)  Weiner's motion therefore proceeds unopposed.  For the reasons set forth below, the Court appoints Weiner as lead plaintiff, approves Weiner's choice of Glancy Prongay & Murray LLP as lead counsel, and grants Weiner's request to consolidate related cases.

## I.   DISCUSSION

### A. Appointment of Lead Plaintiff

The Court appoints Weiner as lead plaintiff; having alleged the largest loss, Weiner is the presumptive lead plaintiff and no other class member has attempted to rebut the presumption.  Under the Private Securities Litigation Reform Act ("PSLRA"), a district court appoints lead plaintiffs through a "three-step process." *Mersho v. U.S. Dist. Ct*, 6 F.4th 891, 898 (9th Cir. 2021).  The first step requires publication of the action so that purported class members can move for lead plaintiff appointment.  *Id.* at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II)).  The second step involves identifying the "most adequate" plaintiff: the movant with the largest alleged loss becomes the presumptive lead plaintiff if they can make "a prima facie showing of adequacy and typicality." *Id.*  The third step allows for other members of the purported class to rebut that presumption. *Id.*

Here, the first step of publication has been satisfied.  No later than 20 days after filing a class action securities complaint, a private plaintiff must publish "in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims

asserted therein, and the purported class period . . . ." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Plaintiff Mika Bagheri ("Bagheri") filed this action on October 16, 2023. (ECF No. 1.) One the same day, Glancy Prongay & Murray LLP, counsel for Bagheri, published a notice of the action in Business Wire, a widely circulated national business-oriented wire service. (*See* ECF No. 10-4, Ex. A to Decl. of Robert V. Prongay.)

Weiner is the presumptively most adequate plaintiff at step two. At step two, the movant with the largest financial interest who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" is presumptively "the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality." *Mersho*, 6 F.4th at 899; *see* Fed. R. Civ. P. 23(a).[1] Weiner has alleged the largest loss among the four movants: he has alleged a loss of $95,118.67.[2]

Adequacy is determined by asking two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Weiner argues that his "financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and 'no evidence exists to suggest that [Weiner is] antagonistic to other members of the class . . . .'" (Weiner's Mem. of Law at 7–8, ECF No. 10-1, quoting *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999), alteration in original.)

---

[1] "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

[2] In comparison, the Khannas alleged a loss of $57,059.38; Ramras alleged a loss of $12,311.67; and Nolan alleged a loss of $62,305.62.

This is a prima facie showing of adequacy. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (adequacy inquiry at appointment of lead plaintiff stage "is not as searching as" the inquiry at class certification).

Typicality is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Hanlon*, 150 F.3d 1011 at 1020 (citing Fed. R. Civ. P. 23(a)(3)). Weiner argues that his "interests and claims are typical of the interests and claims of the class" because like all class members, he "purchased DermTech securities during the Class Period," "suffered losses as a result" of those purchases, alleges that Defendants violated federal securities laws by "disseminating materially misleading statements concerning DermTech's operations and financial prospects," and alleges that his losses arose "from the artificial inflation of DermTech securities" caused by Defendants' "misrepresentations and omissions." (Weiner's Mem. of Law at 7.) Because Weiner's claims "arise from the same events and legal theory as the claims of the other purported class members," Weiner has made a prima facie showing of typicality. *Salzman v. ImmunityBio, Inc.*, No. 23-CV-01216-GPC-WVG, 2023 WL 6305798, at *1 (S.D. Cal. Sept. 27, 2023).

No party has rebutted the presumption that Weiner is the most adequate plaintiff. At step three, "[t]he presumption may be rebutted 'only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Mersho*, 6 F.4th at 899 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)) (alteration in original). Accordingly, because Weiner is the presumptive lead plaintiff and no other class member rebuts that presumption, the Court **APPOINTS** Weiner as lead plaintiff.

### B. Appointment of Lead Counsel

Once the court has designated a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "If the lead plaintiff has made a reasonable choice of counsel, the district

court should generally defer to that choice." *ImmunityBio*, 2023 WL 6305798, at * 2 (citing *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009)). Weiner has selected and retained Glancy Prongay & Murray LLP. (Weiner's Mem. of Law at 8.) In light of the firm's lengthy and substantial experience in securities class action litigation, (*see* GPM Firm Resume, Ex. D to Decl. of Robert V. Prongay, ECF No. 10-7), the Court **APPROVES** Weiner's choice of Glancy Prongay & Murray LLP as lead counsel.

### C. Consolidation of Cases

On October 16, 2023, Plaintiff Bagheri filed the initial class action complaint against DermTech alleging violations of the Securities Exchange Act of 1934 ("Exchange Act"). *See Bagheri v. DermTech, Inc.*, No. 23-cv-1885-DMS-JLB (filed Oct. 16, 2023) ("*Bagheri* Action"). On December 5, 2023, Plaintiff Elena C. Quarford filed a similar class action complaint against DermTech alleging similar violations of the Exchange Act stemming from the same set of events. *See Quarford v. DermTech, Inc.*, No. 23-cv-2221-DMS-JLB (filed Dec. 5, 2023) ("*Quarford* Action"). The *Quarford* Action was initially assigned to the Honorable James E. Simmons, but on December 18, 2023, it was reassigned to the undersigned district judge as a related case pursuant to this District's low number rule. *See* S.D. Cal. Civ. L.R. 40.1. Movant Weiner now moves to consolidate the *Bagheri* and *Quarford* Actions. (Weiner's Mem. of Law at 3–4.)

The Court finds that the *Bagheri* and *Quarford* Actions are essentially identical. "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). In determining whether consolidation is appropriate, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "[C]onsolidation provides that the two cases proceed under a single case number." *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 19-cv-2141-JM-JLB, 2021 WL 2780234 (S.D. Cal. July 2, 2021). The *Bagheri* and *Quarford* Actions involve the same defendants, overlapping proposed classes, most of the same factual allegations, and nearly identical claims under federal securities laws.

Given the similar factual and legal issues, consolidation of the two cases would promote judicial economy. Neither Defendants nor the other movants have indicated opposition to consolidation. Accordingly, the Court **GRANTS** Weiner's motion for consolidation.

## II.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Movant Weiner's motion (ECF No. 10); **DENIES** the competing motions of Movants The Khannas (ECF No. 11), Ramras (ECF No. 12), and Nolan (ECF No. 13); and **ORDERS** as follows:

1. The *Bagheri* Action (No. 23-cv-1885-DMS-JLB) and the *Quarford* Action (No. 23-cv-2221-DMS-JLB) are **CONSOLIDATED**. (The "Consolidated Action.")
2. A Master File is created for the Consolidated Action under Case No. 23-cv-1885-DMS-JLB. All filings shall be made under Case No. 23-cv-1885-DMS-JLB. Each subsequent case filed in or transferred to this District concerning the same subject matter shall be consolidated into the Master File.
3. Every pleading in the Consolidated Action shall bear the caption:

| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No.: 23-cv-1885-DMS-JLB |
|---|---|

4. Movant Robert Weiner is **APPOINTED** as lead plaintiff.
5. Movant Robert Weiner's selection of Glancy Prongay & Murray LLP is **APPROVED** as lead counsel for the class.
6. The hearing currently scheduled for February 2, 2024, is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 17, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court